

# MEMO ENDORSED

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

BRIAN G. MAXEY
*Assistant Corporation Counsel*
Tel.: (212) 788-0987
Fax: (212) 788-9776

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/08

June 2, 2008

BY FAX: (212) 805-6326
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*[signature] 6/3/08*

Re: Luis Colon v. City of New York, et al., 08 CV 4453 (LTS)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendants City of New York. I am writing with the consent of plaintiff's counsel, Michael L. Spiegel, Esq., to request a thirty-day enlargement of time, from June 2, 2008 to July 2, 2008, within which this office may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action. This request will not effect the initial conference currently scheduled for July 25, 2008, at 10:00 a.m. Additionally, the parties are working on the Civil Case Management Plan per Your Honor's individual practices.

    The plaintiff alleges, *inter alia*, that he was subjected to false arrest, false imprisonment, and malicious prosecution, in violation of his constitutional rights. Plaintiff also alleges state law claims including assault and battery. In addition to the City of New York, plaintiff also names Police Officer Michael Rapiejko.[1]

---

[1] Upon information and belief, Police Officer Michael Rapiejko not yet been served in this matter.

Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case and forward to plaintiff for execution authorizations for the release of the underlying arrest and prosecution records, which may have been sealed pursuant to NYCPL § 160.50. Without the underlying records, the defendants cannot properly assess this case or respond to the complaint. Accordingly, the enlargement of time will afford us the opportunity to investigate the matter and to secure the relevant documents.

This additional time should allow plaintiff to serve the individual defendants. Thereafter, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The officers must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until July 2, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Brian G. Maxey (BM 0451)

BY FAX: (212) 571 7767
Michael L. Spiegel, Esq.
Attorney for Plaintiff