UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LUIS COLON,

                                        Plaintiff,

                     -against-

THE CITY OF NEW YORK, MICHAEL RAPIEJKO, and
JOHN AND JANE DOES,

                                       Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS CITY OF NEW YORK AND MICHAEL RAPIEJKO'S ANSWER TO THE COMPLAINT**

08 CV 4453 (CM)

JURY TRIAL DEMANDED

FILED VIA ECF

       Defendants City of New York and Michael Rapiejko, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       3.  Paragraph "3" of the Complaint does not contain any averments of fact warranting a response.

       4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

       5.  Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the City of New York is a municipal corporation under the laws of the State of New York and that the City maintains a Police Department.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Defendant Rapiejko was employed by the City on October 6, 2005.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit plaintiff was driving and automobile in Manhattan on October 6, 2005, deny knowledge and information sufficient to form a belief as to whether his wife and four children were in the automobile.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that defendant Rapiejko pointed a gun at plaintiff and ordered plaintiff to get back in his car.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that defendant Rapiejko handcuffed plaintiff.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff was arrested.

12. In response to the allegations set forth in paragraph "12" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-11" inclusive of this answer, as if fully set forth herein.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. In response to the allegations set forth in paragraph "15" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-14" inclusive of this answer, as if fully set forth herein.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. In response to the allegations set forth in paragraph "19" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-18" inclusive of this answer, as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny that the plaintiff is entitled to any of the relief requested in the paragraph immediately following paragraph "21" of the Complaint, including subparts a-e.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

23. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

24. The City of New York and the defendant Rapiejko have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

25. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

26. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

- 4 -

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

27. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

28. Plaintiff provoked any incident.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

29. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

30. The individual defendants are entitled to qualified immunity.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

31. The arrest and detention of plaintiff was privileged.

**WHEREFORE,** Defendants City of New York and Michael Rapiejko request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 6, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                            City of New York
                            Attorney for Defendants
                            100 Church Street,
                            New York, New York 10007


By: _____
     Brian G. Maxey
     Assistant Corporation Counsel


VIA ECF TO: Michael Spiegel, Esq.

| |
|---|
| 08 CV 4453 (CM) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| LUIS COLON,<br><br>                                          Plaintiff,<br><br>               -against-<br><br>THE CITY OF NEW YORK, MICHAEL RAPIEJKO, and JOHN AND JANE DOES,<br><br>                                       Defendants. |
| **DEFENDANTS' ANSWER TO THE COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Brian G. Maxey*<br>*Tel: (212) 788-0987* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. .......................................... ,2008*<br><br>*................................................................. Esq.*<br><br>*Attorney for .......................................................* |